WOOD v. FURTICK.

(City Court of New York, General Term.    March 16, 1896.)

The attempted levy upon the debt due from the insurance company was
ineffectual to create a lien upon the debt by virtue of the attachment, the
creditor (the insurance company) and the debtor being nonresident, and the
debt not payable within the jurisdiction.    Douglass v. Insurance Co., 138
N. Y. 209, 33 N. E. 938.    The assignee is entitled to have the attempted levy
set aside in order to relieve his property from the cloud and embarrassment
created by it.    Plimpton v. Bigelow, 93 N. Y. 592.

Argued before FITZSIMONS and O'DWYER, JJ.

_____

(25 Civ. Proc. R. 301; 16 Misc. Rep. 667.)

In re LICHTENSTEIN'S ESTATE.

(Surrogate's Court, New York County.    January, 1896.)

1. EXECUTORS AND ADMINISTRATORS—SALE OF LAND TO PAY DEBTS.
   Leave to sell land of a decedent for payment of debts will not be grant-
ed without proof of the facts required to be shown by the statute (Code
Civ. Proc. § 2759), though the application is not resisted by the devisee.

2. SAME—SHOWING AMOUNT OF PERSONALTY.
   Where a petition by a creditor for the sale of decedent's land to pay
debts states that all decedent's property had been applied to the pay-
ment of the funeral expenses, and the excess thereof, if any, was paid
over to her children and the legatees under her will, a reference will be
ordered to show the amount of personalty which came into the executor's
hands in order to determine whether there was anything which could
have been applied to the payment of debts.

Application for the sale of real estate of Johanna Lichtenstein
for the payment of her debts.

Steinhardt & Goldman, for petitioner.
Rose & Putzel, for the executors.

ARNOLD, S. The question which was suggested to counsel in this matter was not as to whether the petition contained the necessary allegations giving this court jurisdiction to issue citations to the necessary parties to the proceeding, but whether certain allegations therein made (and which, as the petitioner applies as a creditor only, were unnecessary to be made a part of the petition under section 2752, subd. 4, Code), if true, would not render the proceedings futile, the present application being for a decree under section 2759, Code. Whether proceedings for the sale of the real estate of a decedent to pay debts are instituted by a creditor or by an executor or administrator before. a decree can be made for such sale, proof must be made as provided in subdivision 5 of the last-named section. The petition herein states that all the personal property of the testatrix has been applied by her executor to the payment of her funeral expenses, and the excess thereof, if any, paid over to her children as legatees under her will. Of course, if there was no such excess, a deficiency of personal assets necessary to pay debts would be shown; if, on the contrary, such excess existed, and it was distributed among the legatees, a question would then arise as to whether the proof required by section 2759, subd. 5, could be made. In Kingsland v. Murray, 133 N. Y. 170, 30 N. E. 845, which was a proceeding instituted by an administratrix de bonis non for the sale of real estate to pay debts, it appeared that the decedent left personal property in excess of his debts, which came into the hands of the original administrator, who was the son and only heir at law of the intestate, and for which he had never accounted. His letters had been revoked, and the petitioner appointed in his place. The court, at page 174, 133 N. Y., page 845, 30 N. E., referring to the provision of the Code last above mentioned, says:

"There seems to be some difference of opinion between the surrogate and the general term as to the scope and meaning of this provision. We think the meaning is reasonably free from doubt. If the decedent, at the time of his death, left sufficient personal property, which could have been applied to the payment of his debts and funeral expenses in the exercise of reasonable diligence on the part of his executors or administrators, then resort cannot be had to the statutes for the sale of his real estate for the payment of his debts. In that event the personal property is the fund for the payment of his debts, and the creditors must resort to that through the executors or administrators. If they waste or squander the personal property, so that it becomes insufficient for the payment of the debts, the only resort of the creditor is to them, to enforce their personal responsibility; and they cannot in that case cause the real estate to be sold under the statutes referred to. * * * So, in the language of this section, before the surrogate can make a decree for the sale of real estate, the petitioner must establish that all the personal property of the decedent which could have been applied to the payment of the decedent's debts and funeral expenses has been so applied."

And it is further held that if the executors or administrators have proceeded with reasonable diligence in converting the personal property into money, and applying it to the payment of the debts and funeral expenses, and it is insufficient for the payment of the same, then, even if it has not all been so applied at the time of the petition, the surrogate is authorized to make the decree; and at page 176, 133 N. Y., page 845, 30 N. E., it is further said that under this con-

struction of the statute an irresponsible executor or administrator may so waste and misappropriate the personal property of a decedent that none of it could be applied to the payment of his debts, and that thus a proceeding to sell the real estate could not be maintained, as it could not be shown that the executor or administrator had proceeded with reasonable diligence in converting and applying the personal property to the payment of debts, and there may, therefore, be cases, although rare, where the creditors may not be able to compel the sale of the real estate of the decedent for the payment of their debts under the provisions of the Code referred to; and the court then proceeds to point out other remedies which creditors may have in such cases, among which is the right of action against the next of kin who have received any of the personal property. In the present case the petition shows that no publication of notice requiring creditors to present their claims has ever been made. Meanwhile the real estate has been conveyed by all the devisees but one to that one, who has been cited, but neither opposes nor consents to the present application. Notwithstanding such default, however, the surrogate must, before granting a decree of sale, have before him all the proofs required by the statute. The decision in Kingsland v. Murray does not draw any distinction between cases of executors and cases of administrators, but applies a general rule in respect to administration by either. In re Bingham, 127 N. Y. 296, 27 N. E. 1055, decided in the Second division of the court of appeals about a year earlier than the decision of Kingsland v. Murray Case, some general language is used at pages 309, 310, 127 N. Y., page 1055, 27 N. E., which appears to draw a distinction between cases of administrators who give bond and those where executors have squandered the personal property which came into their hands as such; but in that case it appeared that the personal property applicable to the payment of debts was not at any time sufficient to make such payment in full. In the Kingsland Case the administrator, who was also the only next of kin and heir at law, had appropriated the personalty to his own use; and in the present case the executor, who was a son and one of the devisees and heirs at law of the testatrix, divided the personalty between himself and his co-devisees. These two cases are therefore practically alike in their circumstances. The petitioner herein should have the opportunity of showing the amount of personalty which came to the executor's hands, the debts owing by the testatrix, and the disposition made of the personalty, so that it may be ascertained whether all of such personalty which could have been applied to payments of the decedent's debts has been so applied, or that the executor has proceeded with reasonable diligence in converting the personal property into money, and applying it to the payment of these debts and funeral expenses, and that it is insufficient for the payment of the same; and a reference is ordered to take proofs as to such matters, as well as to all other matters required to be established by the decree prayed for herein, under section 2759 of the Code.