## In the Matter of the Estate of JULIAN FRIEDLANDER, Deceased.

Surrogate s Court, Kings County, April 28, 1937.

*Harold M. Sichel,* for the petitioner Carrie Friedlander.

WINGATE, S. The question for the present determination arises on what amounts to an *ex parte* appeal to the surrogate by the petitioner in a probate proceeding, from a ruling by the clerk of this court who has declined to proceed with the probate of the propounded instrument in the absence of the issuance and service of a citation upon other parties potentially interested in the estate. Since the same legal question here involved has arisen on several occasions since the amendment of the Statutes of Distribution accomplished by chapter 229 of the Laws of 1929, which became effective on September 1, 1930, it appears the part of wisdom for the court to record its views on the subject.

The present petition, which is in usual form, is made by Carrie Friedlander, who describes herself as the widow of the deceased and the executrix named in the propounded instrument. She states that the decedent died on June 12, 1936, and that the instrument in question purports to have been executed on January 10, 1936. She further alleges " that all the distributees, heirs at law, and next of kin of said deceased, and each person designated in said will offered for probate as executor, testamentary trustee or guardian, are as follows, to wit: Irwin Friedlander, a brother of deceased who resides at 68 Washington Terrace, East Orange, New Jersey; Sylvan Friedlander, a brother of deceased

who resides at Daytona Beach, Florida; Ray Friedlander, a sister of deceased, who resides at Skillman, New Jersey; Carrie Friedlander, a widow of deceased, who resides at 30 Grant Avenue, Brooklyn, N. Y."

The petition further contains the allegation: " That the value of the real property in the State of New York of which the said deceased died seized is less than $5,000, and that the value of the personal property of which the said deceased died possessed is less than $5000."

The propounded instrument purports to leave all property of the decedent to the wife, or in the event of her predecease, to a stepdaughter, and appoints the wife, or in the event of her failure to qualify, the stepdaughter, as executrix. In either contingency, the giving of a bond is expressly waived.

The position of the petitioner that she should be permitted to proceed to probate and receive letters and thereby gain complete and unconditional control of all of the assets of the deceased without notice to any one, is predicated upon the noted allegation of the petition that the aggregate avails of the estate are of a value less than $10,000, and on the wording of the last clause of subdivision 4 of section 83 of the Decedent Estate Law which reads: " if there be a brother or sister, nephew or niece, and no descendant or parent, the surviving spouse shall take ten thousand dollars and one-half of the residue, and the balance shall descend and be distributed to the brothers and sisters and their representatives."

The substance of her contention is that because of the fact that under the pertinent statutory enactment she is entitled in every event to the assets of the estate up to the amount of $10,000, and since she has made the self-serving assertion that they do not exceed this sum, she is entitled to a judicial determination of her right to appropriate them *in toto* without giving the other interested parties any opportunity to be heard on the question of whether or not the allegations of her petition are in fact true.

It is, of course, primary that every material allegation in a pleading tenders a potential issue which may become actual if traversed by a party in interest.

It is further well established that it is the uniform policy of courts, particularly in actions *in rem* or *quasi in rem*, as is the probate of a will, to permit every potentially interested person his day in court for the protection of such rights as he may possess. (*Allen* v. *Fink*, 211 App. Div. 411, 415; *Baldwin* v. *Yellow Taxi Corporation*, 221 id. 717, 718; *Matter of Miller*, 162 Misc. 563.)

It is entirely true that under ordinary circumstances the court will accept allegations of fact in a petition at their face value but

this practice is frequently reversed where the adoption of such a course might affect adversely an unrepresented party. (Cf. *Matter of Gant*, 142 Misc. 446, 451; *Matter of Murphy*, 141 id. 272, 273, 274.)

In any event a statement of value of any article or asset is merely an expression of the personal opinion of the individual making the assertion, and where such opinion comes only from a source so biased as the individual who would achieve a position of untrammelled possession of all of the assets of an estate in the event of its acceptance and would in effect deprive others of any effective remedy in the event of its incorrectness, it will not be accepted by this court without the giving of an opportunity to such others to be heard on the subject.

It is a fact familiar to Surrogates' Courts whose filing fees are graded on the size of the estate that statements of the aggregate worth of assets are frequently found to be marked underestimates of true value when compared with subsequent disclosures in tax proceedings. In this court this condition has been found to exist in a considerable number of instances with resulting extreme embarassment to attorneys and petitioners. In view of this condition, and of the fact that the unquestioning acceptance of the estimate of value of the petitioner in the present instance might result in depriving other parties not merely of a few dollars of a filing fee, but of valuable rights of inheritance, the court is unwilling to accept the petitioner's estimate of the value of assets of the estate as the sole basis for denying to the other potentially interested parties their opportunity to be heard.

The propounded document will accordingly not proceed to probate until the issuance and service of citation upon all the other persons who are described in the petition as the " distributees, heirs at law and next of kin of said deceased." It is the duty of the proponent to secure this to be done without delay.

Proceed in conformity herewith.