In the Matter of the Probate of the Will of EBBA H. SELLQUIST, Deceased.

Surrogate's Court, Chautauqua County, November 19, 1949.

*Alton R. Erickson* for Carl A. Sellquist, proponent.

BODINE, S.   Petitioner applies for the probate of the will of his spouse in which he is named as sole beneficiary without the formality of citing her collateral relatives, there being no descendants.   In support of the application he has introduced evidence demonstrating the value of the estate assets as disclosed by him to be far less than $10,000.   On this showing he contends that he should be legally recognized as the sole distributee within the purview of the statutes defining distributees and requiring notice on a probate application.   (Decedent Estate Law, § 83, subd. 4; Surrogate's Ct. Act, §§ 140, 314, subd. 11.)

In the case of *Matter of Friedlander* (162 Misc. 693), which is the only one referred to me or which I have found directly bearing on the question, Surrogate WINGATE declined probate in a similar situation, except that there no independent proof was presented of the value of the estate.

It is upon this distinguishing feature that petitioner relies, following the inference that had such independent proof of value been presented in the *Friedlander* case (*supra*) it might or would have been otherwise decided.   However this may be, this argument overlooks the other element always present; namely, the physical extent or existence of assets as distinguished from the mere valuation of asserted assets.   The principle enunciated by Surrogate WINGATE I deem as applicable to the assertion of extent as to value of assets, for the right of inquiry as to one is as essential as it is to the other.

Until this matter is clarified by the Legislature I believe the generally prevailing practice of requiring citation of all those who may under any contingency depending on extent and value of assets be said to be potentially interested as distributees should be adhered to even though in a given case it may seem a useless formality.

The application for probate is accordingly denied for the present and until those who in the petition or amended petition are named as " distributees " in the embracive sense as above indicated are duly cited and served.