In the Matter of the Probate of the Will of MARION A. BRAINARD, Deceased.

Surrogate's Court, Kings County, September 19, 1952.

*James M. Sinclair* for Horatio L. Wilkinson and another, as executors of Marion A. Brainard, deceased, proponents.

RUBENSTEIN, S. This is a proceeding to probate a paper purporting to be the last will and testament of the decedent.

The petition alleges that the decedent was survived by a husband, who is one of the petitioners, and by two grandnieces, who have neither waived the service of a citation nor have they been served with a citation. The petitioners further allege that the grandnieces are not persons interested in this proceeding by virtue of subdivision 4 of section 83 of the Decedent Estate Law and cite *Matter of Marshall* (146 Misc. 601, affd. 239 App. Div. 768) as authority for such contention.

In the *Marshall* case the application was by a grandnephew for leave to intervene in an administration proceeding and to compel the filing of an additional bond by the administratrix. There all the interested parties were before the court and a determination was made of the widow's rights to her deceased husband's estate. In the present proceeding the petitioners by an ex parte application seek to have this court foreclose the interests of persons over whom the court has no jurisdiction.

Surrogate WINGATE in *Matter of Friedlander* (162 Misc. 693, 694) wrote: '' It is, of course, primary that every material allegation in a pleading tenders a potential issue which may become actual if traversed by a party of interest. It is further well established that it is the uniform policy of courts, particularly in actions *in rem* or *quasi in rem,* as is the probate of a will, to permit every potentially interested person his day in court for the protection of such rights as he may possess. (*Allen* v. *Fink,* 211 App. Div. 411, 415; *Baldwin* v. *Yellow Taxi Corporation,* 221 id. 717, 718; *Matter of Miller,* 162 Misc. 563.) '' (See, also, *Matter of Sellquist,* 196 Misc. 829, 830, Surrogate's Ct. Act, § 140, and Civ. Prac. Act, § 193.)

The grandnieces are potentially interested in the present proceedings as they would have a right under section 87 of the Decedent Estate Law to contest the validity of the marriage of the named husband or to show that he had abandoned the decedent and if successful would undoubtedly be distributees under subdivision 6 of section 83 of the Decedent Estate Law and entitled to question the validity of the purported will (Surrogate's Ct. Act, § 147).

For the foregoing reasons the probate of the propounded instrument will not proceed until the grandnieces are cited or they waive citation.

Proceed accordingly.