Joseph A. Cox, S.
The issues in this accounting proceeding center upon the availability of estate assets to satisfy a claim of the Government for estate taxes. This court does not possess jurisdiction either to determine the amount of any taxes payable to the Government or to review the assessment of taxes by the Government (Matter of Kaufman, 170 Misc. 436, 445; Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012; Matter of Chisholm, 177 Misc. 423, affd. 264 App. Div. 793, affd. 290 N. Y. 842; Matter of Zietz, 121 N. Y. S. 2d 864 and authorities there cited) but the inclusion of property in the gross estate for purposes of taxation does not constitute a finding as to the ownership of such property that is res judicata in this court upon the settlement of the account of the executrix. Neither does a determination of the valuation of property for tax purposes bar an inquiry in this court as to the value of such property insofar as the accountability of the estate representative is concerned. (Matter of Chisholm, supra; Matter of Zahn, 188 Misc. 856, 864-865.)
It is found that the testator’s widow did not acquire any interest by reason of the purported assignment of mortgage that was enforeible at the date of the testator’s death, inasmuch as an action upon the instrument had not been commenced within the statutory time limitation and proof of revival of the debt *186 is lacking. (Civ. Prac. Act, § 47-a; Shohfi v. Shohfi, 303 N. Y. 370; Butler v. Price, 271 App. Div. 359.) Objections to the account numbered 1, 2, 3, 6, 7, 9, 10 and 12 are sustained.
Objection 11 is not in a form which requires a ruling and none is made except insofar as any issue intended to be raised thereby is included in the preceding determinations.
The executrix has asserted a claim for administration expenses in an amount almost three times the value of the gross estate as reported in her account. Most of these expenses were purportedly incurred in traveling to and from Europe and for living expenses while she was in New York. The occasions for these repeated trips have not been established and the charging of these excessive expenses to the estate has resulted in a purported insolvency which does not permit payment of any part of the claims of creditors. The executrix is the sole legatee under the will and in this circumstance the only ruling required is that the so-called administration expenses are disallowed to the extent necessary to provide funds for the payment of estate taxes and all creditors’ claims in full. To this extent objections 4 and 8 are sustained.
The proposed expenditures in connection with the cemetery plot and mausoleum have not been substantiated and are disallowed. Objection 5 is sustained.
Schedules amending the account in accordance with this decision are to be filed and thereafter a decree may be submitted, on notice, settling the account.