Pierson B. Hildreth, S.
In this proceeding for a probate of heirship the court is satisfied from the proofs that decedent died intestate on January 21,1952; that he left no surviving descendant or parent but did leave a surviving spouse, sisters and nephews and nieces who are children of predeceased brothers.
Under such factual situation section 83 of the Decedent Estate Law provides that the real property descends and surplus of personal property, after payment of debts, shall be distributed as provided by subdivision 4, that is: “ the surviving spouse shall take ten thousand dollars and one-half of the residue, and the balance shall descend and be distributed to the brothers and sisters and their representatives.” Accordingly, it seems to the court that the spouse and the sisters, nephews and nieces are clearly decedent’s sole distributees under the wording of the statute, and as such became the owners of decedent’s real property on his death.
The proof indicates that decedent died owning three parcels of real property. Petitioner is asking for a decree that decedent’s wife was his sole distributee and therefore sole owner of one of the parcels of real property in question on the theory that since the value of the net estate as shown by the tax proceeding was less than $10,000, the other distributees have no interest in the real property. There has been no accounting proceeding to which all interested persons were a party wherein the estate assets might be accounted for and deductions allowed.
It appears that the surviving wife conveyed her individual interest in one of the parcels of real property to a purchaser who is the petitioner in this proceeding. No proceedings have been had for the sale of decedent’s interest in the real property. There is no evidence that the surviving wife obtained conveyances from the other distributees of their respective interests in the property nor has any procedure such as provided for in section 268 of the Surrogate’s Court Act been had whereby the parcel in question might have been set off to the widow as part of her distributive share at a valuation as appraised or as might have been agreed upon by the parties followed by a conveyance to her by the estate representative.
On death, title to all real property of a decedent ivhich is not disposed of by will, vests immediately in the distributees entitled to take under the statute. (Matter of Roberts, 214 N. Y. 369 ; Kingsland v. Murray, 133 N. Y. 170, 174.) Such distributees take title as tenants in common. Such title is subject to certain statutory restrictions such as charges which may be on the real property (Real Property Law, § 250) ; subject to the power of the administrator to sell for payment of debts *951 or distribution (Decedent Estate Law, § 123; Matter of Burstein, 153 Misc. 515) and subject also, in a case like the present, to the possibility of a sale in order to pay the amount of $10,000 to which the surviving spouse is entitled under the statute. Warren’s Weed, New York Real Property (4th ed., vol. 1, p. 945, § 3.04) states: “In applying this statute, it is essential of course, to first determine who were the distributees of the decedent at the time of his death. * * * Having determined what relatives were left by the decedent who were his distributees, it is then essential to decide by reference to the statute to what portion of decedent’s real property each of such distributees is entitled.”
Under subdivision 4 of section 83 of the Decedent Estate Law the wife is decedent’s sole distributee only when decedent leaves no descendant, parent, brother or sister, . nephew or niece. Where there are brothers or sisters, nephews and nieces, however, the surviving spouse takes the first $10,000 and the remaining estate passes one half to the wife and one half to the brothers and sisters and their representatives. In such a situation the surviving spouse and brothers, sisters, nephews or nieces constitute the distributees subject to the provision that the spouse is entitled to a distribution of $10,000. It does not seem to the court that the persons who are statutory distributees differ when one dies survived by a spouse and brothers and sisters and their representatives depending on whether or not the net estate is estimated to be more or less than $10,000. The statutory distributees are the same in either case, but the entire estate might be consumed in order to provide the $10,000 which the spouse is given in which event the spouse would be the only one to share.
Valuation is a matter of judgment. Additional assets may be found, and the net estate can only be ascertained in a proper proceeding wherein the proper charges are also determined. The valuation used for tax purposes does not bar inquiry as to value or determination of a different value so far as accountability of the representative is concerned. (Matter of Herter, 15 Misc 2d 184.) It is necessary to cite all parties referred to in the statute in a probate proceeding even though it is alleged in the petition that the value of the estate is less than the share of the spouse. (Matter of Friedlander, 162 Misc. 693 ; Matter of Sellquist, 196 Misc. 829.)
The court cannot determine in this proceeding whether a proceeding to sell decedent’s real property in order to produce funds to pay the share of the spouse would result in producing more or less than $10,000. Since the deed given by the spouse *952 to the present petitioner was made by her individually, obviously she could convey no more than her individual interest in the property and the deed could not convey any interest or title which was vested in the other distributees on decedent’s death. It may well be that an accounting would indicate that all parties are agreed on the value of the estate assets and that instead of selling decedent’s interest in the real estate, it could be conveyed to, and taken in kind by the surviving spouse pursuant to section 268 of the Surrogate’s Court Act whereupon she would become sole owner. Such a conveyance however, would be to her, not because she is the sole distributee, but because she elected with consent of other distributees to accept the real property at a certain valuation in full or partial satisfaction in the share of the estate to which she is entitled.
Accordingly, in the present situation, the court determines that decedent’s distributees, on the date of his death were the following and that they became the owners of the real property in question as tenants in common as indicated, namely:
Name Relationship Share
Vera S. Fry, now known as
Vera Maillart............ Widow 1/2
Lillian Koenig............. Sister 1/8
Helen Fry................. Sister 1/8
William D. Fry............. Nephew 1/24
Elizabeth Prio ............. Niece 1/24
Susan Thomas ............. Niece Í/24
Raymond James Fry........ Nephew 1/40
John Edward Fry............ Nephew 1/40
William John Fry........... Nephew 1/40
Susan Pugh................ Niece 1/40
Elizabeth Coombe .......... Niece 1/40
and that their ownership was subject to whatever powers and rights the representatives or other persons interested in the estate possessed to have such property sold or applied if necessary in order to pay debts, the share of the surviving spouse, or for distribution to those entitled to share in the estate.