William G. Giaccio, J.
This action for partition presents an issue of first impression, i.e., whether EPTL 6-2.2 (subd [c]) which became effective September 1, 1975, may be applied retroactively.
Plaintiffs are, respectively, the widow and children of one Joseph Turchiano, who died intestate on December 2, 1971. For many years prior to his death, Joseph Turchiano had cohabited with defendant Beatrice Woods. On January 29, 1964, decedent and defendant Woods took title to certain real property located at 91-09 139th Street, Jamaica, New York. Although Joseph Turchiano was still married to plaintiff Rose Mary Turchiano at the time of this grant, the property was deeded to "Joseph Turchiano and Beatrice Turchiano, His Wife”.
Plaintiffs assert, inter alia, that as the distributees of Joseph Turchiano they are vested with title to the subject property as tenants in common with defendant Woods, and that they are entitled to a partition and sale thereof. Defendant Woods contends, in reliance on EPTL 6-2.2 (subd [c]) that she and decedent took title to this property as joint tenants and that plaintiffs have no interest therein. She also contends that plaintiffs have no standing to maintain this action because no administrator has been appointed for the estate of Joseph Turchiano. Plaintiffs move for summary judgment and defendant Woods cross-moves for the same relief.
EPTL 6-2.2 (subd [c]) provides as follows: "A disposition of real property to persons who are not legally married to one another but who are described in the disposition as husband and wife creates in them a joint tenancy, unless expressly declared to be a tenancy in common.”
In the opinion of this court, this statute may not be applied retroactively. Upon the death of Joseph Turchiano in 1971, his interest in the property in suit vested in his distributees.
In Matter of Fry (28 Misc 2d 949, 950), the court stated: "On death, title to all real property of a decedent which is not disposed of by will, vests immediately in the distributees entitled to take under the statute. (Matter of Roberts, 214 N. Y. 369; Kingsland v. Murray, 133 N. Y. 170, 174.)”
Since title to decedent’s share in this property vested in plaintiffs upon his death, plaintiffs may not be divested of their title by a subsequently enacted statute. The language of the court in Matter of Guarnieri (50 Misc 2d 599, 601) is particularly apposite here: "Since rights of descent and distri *993 bution of the decedent’s estate are created by the law of the State, the State may change or take away such rights, although it may not take away property which has vested by virtue of such rights. (Matter of Sherman, 153 N. Y. 1.)” (Emphasis added.)
Inasmuch as EPTL 6-2.2 (subd [c]) is inapplicable to the case at bar, the court must now determine whether, under the law in effect prior to the enactment of the statute, the grant to Joseph Turchiano and defendant Woods as husband and wife created a joint tenancy with a concomitant right of survivor-ship in defendant Woods. Under the prior law, a conveyance to grantees described as husband and wife, who are not in fact legally married to each other at the time of the conveyance, creates either a joint tenancy or a tenancy in common; a joint tenancy may only be created, however, by the use of express language of survivorship in the habendum clause of the deed creating the tenancy. (Crawley v Shelby, 37 AD2d 673, mot for lv to app den 29 NY2d 487; Place v Cundaro, 34 AD2d 698; cf. ETPL 6-2.2, subd [a].) No such words of survivorship are to be found in the habendum clause of the deed at bar.
Accordingly, the motion by plaintiffs for summary judgment is granted and the cross motion by defendant Woods for summary judgment is denied. The court finds that plaintiff Rose Mary Turchiano, as the widow and a distributee of Joseph Turchiano, has an undivided one-sixth interest in the subject property and that plaintiffs Joseph Turchiano, Jeanette Hoblock and Mary Ann Welgos, as distributees and children of Joseph Turchiano, each have an undivided one-ninth interest in the property, all as tenants in common with defendant Woods. Moreover, despite defendant Woods’ contention to the contrary, plaintiffs are entitled, as parties with a share of the title to this property, to maintain this action for partition without the appointment of an administrator for the Turchiano estate.
The counterclaim pleaded by defendant Woods for reimbursement of funds allegedly expended by her to support decedent Joseph Turchiano is dismissed, inasmuch as defendant Woods has failed to allege any basis for a claim for money damages against plaintiffs. This dismissal is, however, without prejudice to any claim defendant Woods may be advised to assert against the estate of Joseph Turchiano.
In the exercise of discretion, plaintiffs’ request for motion costs is denied.
*994 Settle order and provide therein for the appointment of a referee to determine whether there are any creditors with liens on the subject property (Real Property Actions and Proceedings Law, § 913, subd 1) and to determine whether the property is so circumstanced that a partition thereof cannot be made without great prejudice to the owners so that the property should be sold at public auction (Real Property Actions and Proceedings Law, § 915).