OPINION OF THE COURT
James D. Benson, S.
This motion for summary judgment pursuant to CPLR 3212 regarding issues raised in the objections to the accounting is *898 granted to the extent that objections ninth and tenth of the objections to accounting dated September 30, 1986 are stricken, and is in all other respects denied.
In this judicial settlement of the account of an administratrix, the four children of the decedent filed objections to the account filed by decedent’s widow as administratrix. The 16 objections cover a wide range of claimed errors and improprieties. No single issue can be isolated as dispositive of the controversy, although the central issue involves the administratrix’s management of a business known as "Gene’s 1900”, described in schedule A of the account as a partnership.
The threshold question is raised by the administratrix’s motion for summary judgment under CPLR 3212, which attacks objections ninth and tenth. They are:
"ninth: Objects to the accounting to the extent that it fails to demonstrate the payment of rent to the estate by Elaine F. Ford for occupancy of a business conducted by her on property of the estate.
"tenth: Objects to the accounting as it fails to demonstrate the factors resulting in a diminution of assets from a gross value of $417,757.00 in 1980 to a gross value of $206,186.00 in 1982 to a gross value of $96,783.00 in 1984 notwithstanding the general appreciation in value of real estate during said period and the collection of rental income from the properties of the estate.”
The accounting party has addressed only items ninth and tenth on this motion.
The motion for summary judgment is based upon decedent’s widow’s claim that the real property which is the subject of those objections passed not to the estate, but to her, by operation of law. The validity of her claim requires an examination of the facts and the law.
On September 30, 1972, Eugene R. Ford and Elaine Ford received a conveyance of the real property in issue as "husband and wife”. They were not married. No further language in the deed described the grantees as joint tenants or as tenants by the entirety. At the date of the conveyance, EPTL 6-2.2 (a) created the rebuttable presumption that a conveyance to grantees as husband and wife, who were not lawfully married to each other at the time of the conveyance, created a tenancy in common, unless a contrary intention could be gathered from the instrument, consistent with rules of law. This deed was silent otherwise with respect to the form of *899 tenancy and, consequently, created a tenancy in common. (See, Crawley v Shelby, 37 AD2d 673, Iv denied 29 NY2d 487; Turchiano v Woods, 85 Misc 2d 991, 992; Matter of Kolodij, 85 Misc 2d 946, 954.)
In 1975, EPTL 6-2.2 was amended to provide that "(c) A disposition of real property to persons who are not legally married to one another but who are described in the disposition as husband and wife creates in them a joint tenancy, unless expressly declared to be a tenancy in common”. (L 1975, ch 263.) It has been held that this provision may not be applied retroactively. (Matter of Kolodij, supra; Turchiano v Woods, supra.)
On March 10, 1976, Eugene R. Ford and Elaine Ford accepted delivery of a correction deed from the same grantors, conveying the same premises. They were again described as "husband and wife”. They were still unmarried to each other. They married on September 13, 1977. The correction deed contained a recitation that it was given to correct the 1972 deed, but did not state just what it was designed to correct, but it is noted that the 1972 deed described three parcels of land, while the 1976 deed described five. The descriptions differ. The deed contained no further language to suggest that it was intended to convey a tenancy by the entirety or a joint tenancy.
The effect of the 1976 correction deed was to add two parcels of land not included in the 1972 deed and to except and reserve from one of the parcels described in the 1972 deed (parcel I in the 1972 deed; parcel III in the 1976 deed) three parcels of land and to subject that parcel to certain rights-of-way. Parcels II and III in the 1972 deed were described in the same way in the 1976 correction deed.
The administratrix claims that the 1976 deed supersedes the 1972 deed and that it created a tenancy by the entirety. The objectants claim that the correction deed was ineffective to convert the tenancy in common to a joint tenancy.
The objectants concede in their memorandum of law that "The 1976 transfer created a joint tenancy only as to the additional three separate parcels conveyed thereby”. We shall deal, therefore, only with the two parcels which were described in the same fashion in the 1972 deed and in the 1976 correction deed.
Both parties rely upon the authority of People v Tompkins-Kiel Marble Co. (269 NY 77). The objectants cite it to support *900 the proposition that "A correction deed supersedes a prior deed only where the latter deed cures a defective, restrictive or doubtful title”. The widow claims that it supports the proposition that "the terms of a correctional or confirmatory deed are dominant and conclusive, and the title of the grantee is determined solely by the new grant”. (Citing, People v Tompkins-Kiel Marble Co., supra, at 89.) The objectants urge an application of the authority only as to the three parcels whose descriptions differ and rejection of it as to the two whose descriptions are the same.
No more recent decisional authority than People v Tompkins-Kiel Marble Co. (supra) is found, although the doctrine of the case was reaffirmed in Matter of City of New York (Schurz Ave. — Title Guar. & Trust Co.) (2 NY2d 859, 861), where the court wrote, "the scope of title must be determined solely by the language in the confirmatory patents”.
May we, as objectants urge, treat the 1972 deed as a partial conveyance and the 1976 deed as a further partial conveyance, so that we conclude that title vested in the decedent and Elaine Ford in 1972 to two parcels and to the remaining three parcels in 1976? The strong statement of the law in People v Tompkins-Kiel Marble Co. (supra) is to the contrary. There the court also wrote (at 82-83), "Acceptance of a new grant is an admission that title to the property is in the grantor. It is inconsistent with an assertion that the grantor had no power to make the grant * * * If the grantee held rights under an old grant different from those included in the new grant, then he must be deemed to have voluntarily abandoned those rights.”
This statement of principle controls the determination of the case before the court. No case directly in point has been found, but it is clear that Eugene R. Ford and Elaine Ford must be deemed to have abandoned the rights which they acquired under the 1972 deed by the acceptance of the 1976 correction deed. The correction deed superseded the original deed in all respects and the Fords took title to all of the lands described therein as joint tenants, under the provisions of EPTL 6-2.2 (c) as it was amended on September 1, 1975.