GEORGE MINER, Respondent, *v.* CLARK N. BROWN et al., Appellants.

*It seems* that where a grant or devise is made to a husband and wife, without any words specially prescribing, qualifying or characterizing the kind or quality of the estate which each shall take, the grantees hold as tenants of the entirety.

Where, however, it appears from the words of the grant or devise that the intent was to create a tenancy in common in the grantees or devisees, they take and hold as tenants in common.

No particular form of words is necessary to create that relationship; it is sufficient if expressions are used which cannot be operative unless the wife is admitted to an equal present enjoyment of the estate with her husband, and that her estate is not to be subservient to his exclusive control.

The will of B. gave to C., his son, and to E., his son's wife, the use of certain premises, "for their use, benefit and support during their natural lives." In an action of ejectment brought to recover possession of the

premises, in which plaintiff claimed the right to possession under and by virtue of a sale on execution against C., *held*, that it was the intent of the testator to make the husband and wife tenants in common, and they held in that capacity; and so, that the wife was entitled to the possession and use of a moiety of the premises, of which she could not be deprived by any act or default of her husband.

(Argued April 22, 1892; decided May 24, 1892.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made September 8, 1891, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This was an action of ejectment.

The facts, so far as material, are stated in the opinion.

*Charles H. Searle* for appellants. Plaintiff did not make a proper or sufficient demand for his interest in the premises. (Code Civ. Pro. §§ 1240, 1596, 1625; *Draper* v. *Draper*, 7 Hun, 616; 3 Rumsey's Pr. 12; *Cook* v. *Wardens, etc.*, 5 Hun, 293; *Smith* v. *Long*, 12 Abb. [N. C.] 113.) The common-law right of the husband to the exclusive use of lands conveyed to him and his wife jointly, was abrogated by the married woman's acts. (*McCurdie* v. *Stevenson*, 64 Penn. St. 39; *Butler* v. *Rosenbaum*, 42 N. J. Eq. 651; *Hulett* v. *Inlow*, 57 Ind. 412; *Carver* v. *Smith*, 90 id. 222; *O'Conor* v. *McMahan*, 7 N. Y. 225; *Coleman* v. *Bresnaham*, 8 id. 158; *Gifford* v. *Rising*, Id. 279; *Grosser* v. *City of Rochester*, 15 id. 62.) Defendants Clark and Ella Brown did not take the estate as tenants by entireties, and the husband did not acquire the right to the whole during the joint lives. (Laws of 1882, chap. 472; *Barber* v. *Harris*, 15 Wend. 618; *Beach* v. *Hollister*, 3 Hun, 520; *Stelz* v. *Shreck*, 128 N. Y. 263; *Ketchum* v. *Walworth*, 5 Wis. 95; *McCurdy* v. *Stevenson*, 64 Penn. St. 39; *Hendricks* v. *Isaacs*, 117 N. Y. 411; *Chandler* v. *Cheney*, 37 Ind. 391.)

*H. H. Harrington* for respondent. The devise to Clark N. Brown and Ella his wife, of the lands described in the complaint, created a tenancy by entireties, a peculiar right or estate in

lands, created only by a conveyance of real estate made to a husband and wife. (*Meeker* v. *Wright*, 76 N. Y. 262; *Zorntlien* v. *Bram*, 100 id. 12; *Dean* v. *M. E. R. Co.*, 119 id. 540.) The counsel for appellants contends that the statute of 1880 (Chap. 472) in effect destroys the unity of husband and wife, and, therefore, abolishes the estate of tenancy by entireties. This is untenable. (*Bertles* v. *Nunan*, 92 N. Y. 160; *Zorntlien* v. *Bram*, 100 id. 15.) The language used in the devise made in the will in question does not change the estate devised from one of entireties. (*Gifford* v. *Rising*, 8 N. Y. Supp. 279.) The husband, Clark N. Brown, was entitled under the devise made in the will of his father to himself and wife to have possession of the said lands, take all the rents and profits for his own use and benefit, and he could mortgage or convey an estate therein to continue during the joint lives of himself and wife. (*Beach* v. *Hollister*, 3 Hun, 519; *Baker* v. *Lamb*, 11 id. 519; *Bertles* v. *Nunan*, 92 N. Y. 158, 164; *Gardinier* v. *Furey*, 4 N. Y. Supp. 514; *Coleman* v. *Bresnahan*, 8 id. 158; *Gifford* v. *Rising*, Id. 279; *Lord* v. *Lord*, 11 id. 389; *Denby* v. *City of Kingston*, 14 id. 601; *Grosser* v. *City of Rochester*, 15 id. 62.) The interest of the husband in these lands was properly sold for his debts. (*Beach* v. *Hollister*, 3 Hun, 519; *Bertles* v. *Nunan*, 92 N. Y. 161; *Baker* v. *Lamb*, 11 Hun, 521; *Coleman* v. *Bresnaham*, 8 N. Y. Supp. 159; *Gifford* v. *Rising*, Id. 280.) The defendant Eliza S. Brown is in possession of these lands as tenant of Clark N. Brown. (*Aikman* v. *Hasell*, 98 N. Y. 188; *Corey* v. *People*, 45 Barb. 265; *Sigler* v. *Van Riper*, 10 Wend. 419; *Jackson* v. *O'Donaty*, 7 Johns. 247; *Torrey* v. *Torrey*, 14 N. Y. 432, 433, 434; *Livingston* v. *Turner*, Id. 64, 66; Fiero on Special Actions, 11; *Jackson* v. *Fuller*, 4 Johns. 215; 3 Wait's Act. & Def. 87.)

Maynard, J. In view of the legal effect, which must be given to the devise in the will of Adin Brown to the defendants Clark N. and Ella Brown, an estate of tenancy by the entirety was not created.

It is, therefore, unnecessary to consider or determine the interesting and important questions so ably presented by learned counsel, whether during the joint lives of husband and wife such an estate can be sold for the debts of the husband and possession taken, or whether chapter 472 of the Laws of 1880 has not modified or abrogated the common-law right of the husband to the exclusive possession of the property during coverture.

Adin Brown's will was executed in 1882 and probated in 1883, and is the common source of title of both parties to this action. In the second clause he gave to his son and to his son's wife "the use of the farm and lot on which the said Clark N. Brown now resides, etc., for their use, benefit and support during their natural lives, etc." Before the execution of the will the plaintiff had recovered two judgments in the Supreme Court, amounting to $850, against Clark N. Brown, and sometime after its probate he issued executions thereon, sold the interest of the judgment debtor in this farm and became the purchaser at the sale. In due time the plaintiff received the sheriff's deed and brought this action of ejectment, in which he has obtained a judgment against both defendants, awarding him possession of the entire farm.

It is conceded that this judgment cannot stand unless the defendants held the lands upon the death of their testator, as tenants by the entirety.

It is still the law of this state that where a grant is made to husband and wife without any words specially prescribing, qualifying or characterizing the kind or quality of the estate which each shall take, the grantees hold as tenants by the entirety. (*Bertles* v. *Nunan*, 92 N. Y. 152.)

There was in such cases at common law, a unity of seizin and of possession during their joint lives, which seemed to invest the husband with the exclusive use and control of the property, and which deprived the wife of all the practical benefits of its immediate enjoyment. This anomalous condition resulted from the unity of the parties to the marriage contract, whereby, as stated by Blackstone, " The very being

and legal existence of the woman is suspended during the marriage, or at least incorporated and consolidated into that of the husband."

It was merely a legal fiction, which still survives in a form greatly abridged by modern legislation, and its application was frequently the cause of much hardship and great injustice. We, therefore, find a disposition manifested at a very early period in the history of English law, to limit its extension and to hold that a husband and wife may, by express words, be made joint tenants, or tenants in common by a gift or conveyance to them during coverture, and that every grant to them is to have just such effect in respect to the estate which they take, as was intended to be created. (Shepard's Touchstone, 132 ; 2 Prest. on Abs. tit. 41 ; 2 Kent's Com. 133, note 2.)

In Preston on Estates (vol. 1, p. 132) it is said : " In point of fact, and agreeable to natural reason, the husband and wife are distinct and individual persons, and accordingly when lands are granted to them as tenants in common, thereby treating them without any respect to their social union, they will hold by moieties, as other distinct and individual persons will do." (Citing 1 Inst. 187.)

In *Hicks* v. *Cochran* (4 Edw. Ch. 107) the vice-chancellor applied this rule, and held that where there were words in a conveyance to husband and wife, strongly expressive of a tenancy in common in equal moieties, they should be construed to have the same effect as if there had been an explicit statement that they were to hold as tenants in common.

In *Cloos* v. *Cloos* (55 Hun, 450), the General Term of the second department held that the husband and wife took as joint tenants, where it was clear from the words of the conveyance that it was the intention of the parties to create a joint tenancy.

In a very recent case (*Jooss* v. *Fey*, 129 N. Y. 17), this court decided that a married woman could hold real property as a joint tenant with her husband, if the intent to convey such an estate is plainly expressed in the words of the grant.

These decisions are merely the result of the application of the ancient rule that the intent of the parties, as gathered from

the entire instrument, must prevail in its interpretation. In the adoption of the Revised Statutes, this rule, in respect to grants of real property, was reinforced by a legislative command that : " In the construction of every instrument creating or conveying, or authorizing the creation or conveyance of any estate or interest in lands, it shall be the duty of courts of justice to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument and is consistent with the rules of law." (4 R. S. [8th ed.] p. 2461, § 2.) Applying this test to the provisions of the will upon which both parties rely as the foundation of their respective rights, we have no hesitation in affirming that it was the intent of the testator to make the husband and wife tenants in common of the estate devised to them. Both the granting and the habendum clauses of the devise are inconsistent with any other conclusion. It is " the use " of the farm which is granted to husband and wife alike, without restriction or limitation. To convert this grant into an estate of tenancy by the entirety is to declare that the wife shall not have the use of the property during the life-time of the husband, and, in fact, not at all, unless she should survive him.

It is evident the testator intended to make her, as well as her husband, the object of his immediate bounty, and that the scheme of his will in this respect will be thwarted if her right of possession is postponed until after his death.

The habendum clause of the gift is still more explicit. It declares that the estate granted shall be held " for their use, benefit and support during their natural lives," which cannot have its full significance unless it is construed to be a common holding for the prescribed purposes. It was the wife's benefit and the wife's support which the testator had also in view ; not simply that of her husband. No particular form of words is necessary to make them tenants in common. It is sufficient if expressions are used which cannot be operative, unless the wife is admitted to an equal present enjoyment of the estate with her husband, and which indicate an intention that her possession shall not be subservient to his exclusive control.

The motive of the testator in making this disposition of his property is, perhaps, not important. If it were, the record discloses one in the existence of the plaintiff's judgments against the husband, which would be a continual menace to the rights of the wife, if her possession was absorbed in that of her husband during his life-time.

It appears from the recitals in the will that the testator had, for some time before his death, been providing a home for the son's family upon this farm, the ownership and control of which, for obvious reasons, were withheld from the son. He doubtless desired to continue this provision after his death, and to secure to the wife, in common with her husband, the benefits to be derived from its occupation, and which, to the extent of her interest in it at least, would be secure from seizure by his creditors. If this judgment stands, an important provision of the will is annulled, and the present means of support, which it was designed to confer upon the wife, will be transferred to the plaintiff.

Clearly, the testator did not contemplate any such result. We think he has expressed a contrary intent in language so plain it cannot be misunderstood; and that the defendant Ella Brown is entitled to the possession and use of a moiety of this farm during her life-time; and that she cannot be deprived of this right by any act or default of her husband.

Whether, under the peculiar provisions of this will, the surviving tenant in common will not succeed to the use of the entire farm during his or her life, it is unnecessary now to determine.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.