LUIGI MOGLIA et al., by next friend,

*v.*

EGISTO MOGLIA et al.

[Decided November 13th, 1907.]

Under a deed to a husband and wife and two children, not expressing their respective interests, where the consideration for such deed was paid substantially by the four grantees, the land having been acquired to carry on a business in which they were partners, it appearing that the purchase was intended to be for the equal and common benefit of all, and they without any division of partnership profits having continued to appropriate the partnership funds to the payment of a mortgage on the land given by all jointly, the husband and wife on partition are entitled to one-half of the proceeds of the land, and each child to one-fourth thereof.

---

On bill for partition. On application for order of distribution.

*Mr. Datto* and *Mr. Charlton A. Reed,* for the complainants.

*Mr. Benjamin W. Ellicott,* for the defendants.

Emery, V. C.

On reargument of the question reserved by the decree in this cause as to the respective rights of the parties in the lands and proceeds of sale, I adhere to the view expressed at the hearing. The substantial question is this: The land partitioned and sold was conveyed in November, 1899, to Peter Moglia, his wife, and their two sons, John and James Moglia, the deed not expressing the interests of the parties, or that the husband and wife held otherwise than as tenants by the entirety. The son John afterwards died, leaving the infant complainants as his heirs-at-law. The claim on their behalf is, that the husband and wife together take but an undivided third of the lands, and each son one-third. If nothing is to be considered in such cases but the deed (or will) itself, and the rules of law as applicable to its construction, the weight of authority is that the husband and wife, in the absence of any provision otherwise in the deed, together take but a third interest. *2 Jones Real Prop.* § *1790; Barber* v. *Harris, 15 Wend. 615 (1836)* ; *Johnson* v. *Hart, 6 W. & S. 319 (1843)* ; *Theob. Wills (4th ed.) 230.*

But a provision inserted in the deed, or other instrument, declaring that the husband and wife hold as joint tenants and not by entirety—*Joos* v. *Fey, 129 N. Y. 17 (1891)* ; *Miner* v. *Brown, 133 N. Y. 308 (1892)*—is effective, and the construction of wills in favor of a joint tenancy or tenancy in common is sometimes favored by considering the circumstances attending the gift. *Warrington* v. *Warrington, 6 Jur. 872 (Vice-Chancellor Wigram, 1842)*. This rule of law as to the holding by entireties, not being a fixed rule which cannot be controlled by the parties, I think it may be controlled by proof of facts, which would, as between other persons, give rise to equitable rights inconsistent therewith, and that it may be held to be inapplicable, where the circumstances attending the conveyance and tenure of the property show that the parties to the conveyance, including the husband and wife, are intended to be equally interested and tenants in common, as between the third persons and the husband and wife. Such circumstances appeared in this case.

The purchase-money was paid substantially by the four persons equally, and the land was purchased for the purpose of carrying on the fruit business in which the members of the family were partners, and for a home, in which they all lived together as one family—supported by the profits of the business. Payments on the purchase-money mortgage to the extent of $5,000, as well as interest on the mortgage, were made out of the moneys received from the partnership business. No division of profits or partnership accounts were kept. The parties are Italians, among whom such family community of ownership is not uncommon. The result of the whole evidence, in my judgment, seemed to be that the purchase was intended to be made for the equal and common benefit of the four members of the family, and out of the proceeds of a partnership business in which all were equally interested. And so long as the parties (without any division of partnership profits) continued to appropriate the partnership funds to the payment of the mortgage given by all jointly, I think the interest of the parties in the property must be considered as substantially the same as their interest in the partnership, and that these circumstances, indicating the respective equitable interests of the parties in the lands, are sufficient to entitle the court to declare that any legal title in the grantees other than the husband and wife, to more than their respective shares resulting from the payment of the purchase-money, is held in trust for the husband and wife. I conclude therefore that the decree in the cause declaring the husband and wife are together entitled to one-half of the proceeds of sale, and that each of the other grantees, or their respective heirs, are entitled to one-fourth thereof, is correct.