JOSEPHINE E. DEWEY, Plaintiff, *v.* MATILDA BROWN, Individually and as Executrix, etc., of MICHAEL COWLEY, Deceased, WALTER COWLEY and CATHARINE COWLEY, His Wife, and Others, Defendants.

Supreme Court, Ontario County, October 30, 1928.

*John Shea,* for the petitioners George F. Cowley and Walter Cowley.

*Willis C. Ellis,* for the respondents Elizabeth Cowley and Bessie Kelley.

THOMPSON, J.   The deed runs to " Michael Cowley and Matilda Cowley, his wife, both of the Town of Hopewell  *  *  *," and the words of transfer are " does grant and convey to the said parties of the second part, their heirs and assigns, *survivor to take.*" The grantees were not in fact husband and wife and here we must determine in what estate they took the premises; whether by the entirety, as joint tenants or as tenants in common.

It must be remembered that section 66 of the Real Property Law provides that " Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy  *  *  *."

Of course, there can be no estate by the entirety here, the dominant requisite of which is that the grantees must be husband and wife, but it is claimed that although this estate fails, the' use of the words " survivor to take " describes and constitutes the estate as one of joint tenancy, and that, therefore, the grantees took the land in that estate.   The decision of this question depends entirely upon the intent of the parties.

" In the construction of every instrument creating or conveying, or authorizing the creation or conveyance of any estate or interest in lands, it shall be the duty of courts of justice to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument and is consistent with the rules of law." (*Miner* v. *Brown,* 133 N. Y. 308, 313.)

Survivorship is an attribute common to both tenancy by the entirety and joint tenancy and the words used here would be appropriate to either estate.   If the grantees believed that they were husband and wife, and that a deed to them constituted an estate by the entirety, without doubt the words were used in relation to and in extension of such opinion.   On the contrary, if they knew that they were not husband and wife, or were in doubt about it, the words were doubtless used for the purpose of establishing a joint tenancy in case of failure of the estate by the entirety.

Whatever may be the conclusion finally reached in this discussion, we must start with the fact that presence of the words " survivor

to take " in the deed conclusively establishes that the grantees did not intend a conveyance of the property to them as tenants in common. They either intended to establish a tenancy by the entirety or a joint tenancy, and, if to stabilize either it is required to negative the presumption which the courts say arises from the statute, that it was the intention of the parties to create a tenancy in common (*Overheiser* v. *Lackey*, 207 N. Y. 229), the words quoted accomplish it. Again we must start with the principle in mind that the particular phraseology employed in the instrument creating the estate is immaterial, where it plainly appears from the terms of the instrument in its entirety that the intention was to create an estate in joint tenancy. Indeed, even the words " joint tenancy " need not be used. (33 C. J. 905.)

Encouraged by considerations moving the Court of Appeals in arriving at the intent of the parties in the *Overheiser Case* (*supra*), let us endeavor to find the real intent of these parties as to the variety of estate they designed this deed to vest in them. The proofs show that sometime previous to the date of the deed Michael Cowley had obtained a *de facto* divorce from his legal wife; it is conceded that this divorce was not binding on her. Then came the transaction by which this home was acquired by the parties, and the question arises which must decide this case. It seems plain that these two people were eager to take this title so that in the event of the death of one the other would immediately succeed to the whole ownership of it. Of course they had no thought or knowledge of the distinction between an entirety and a joint tenancy. Doubtless, however, if they had been called upon to speak of the deed they would have called it a joint deed as is the custom with the layman. It is not possible to conceive that they knew the distinguishing characteristics of the two estates, *i. e.*, that in joint tenancy the title is held by both in equal shares, each being alienable at the will of the owner, while the title by entirety vests the property in both but as one person, neither alone being able to alienate any part of it until the death of the other makes the survivor the sole owner. As before suggested, one thing is certain, and that is they did not intend to take the property as tenants in common, and I think another thing may be said to be sure and that is that each intended to secure the whole estate to the other to the exclusion of all other persons, upon the death of one of them.

The dominant thought and intent riding all through the transaction is survivorship, and this both in fact and law. Entertaining these views, I hold that the grantees in the deed took as joint tenants.

72

Upon comparing and distinguishing their facts it will be perceived that the holdings in *Messing* v. *Messing* (64 App. Div. 125); *Perrin* v. *Harrington* (146 id. 292) and *Bambauer* v. *Schleider* (176 id. 562) are in consonance with these observations.

Let an order be submitted directing the distribution of the fund in conformance with this decision.