Henry A. Htjdsok, J.
Both parties have moved for judgment on the pleadings. The plaintiff has moved also for summary judgment and has treated the cross motion as a challenge to the sufficiency of the complaint. Where all parties to a litigation choose so to do, they may to a large extent chart their OAvn procedural course through the courts. Consequently the question now before the court is the issue of law here raised *917 by the parties. (Stevenson v. News Syndicate Co., 302 N. Y. 81, 86-87.)
The action is brought under section 500 of the Beal Property Law to clear the title to the property herein, necessitated by the language of the original deed from Fred L. Cook to Fred L. Cook and Bertha Simons, and the chain of title through the will of Bertha Simons to the plaintiff.
It appears from the papers submitted on the motion that Fred L. Cook became the owner of the property in question by deed dated September 21, 1933, recorded February 7, 1941 in the Jefferson County Clerk’s office at which time Fred L. Cook was married to Lavica Cook, defendant and remained her husband until the date of his death, August 13, 1947.
On September 17,1945, Fred L. Cook executed a full covenant deed with lien covenant to Fred L. Cook and Bertha Simons, as tenants by the entirety, which was recorded in the Jefferson County Clerk’s office September 17, 1945. There is a statement appearing in the deed directly after the names of the grantees as follows: “ (It is the purpose of this conveyance to be tenants by entirety and not tenants in common) ”.
Section 66 of the Beal Property Law provides: “ Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to 1)e in joint tenancy ”. The parties to the deed in question were not married and by reason thereof a tenancy by the entirety could not be created, the dominant requisite being that the grantees must be husband and wife. However, when the words, ‘ ‘ It is the purpose of this conveyance to be tenants by entirety and not tenants in common ’ ’, expressly stated in the deed, are considered, the intent of the grantor as to the manner in which he intended to convey is clarified. Purpose and intent of the parties should govern in the construction of any instrument. (Beal Property Law, § 240, subd. 3; Miner v. Brown, 133 N. Y. 308.)
“ 1 In the construction of every instrument creating or conveying, or authorizing the creation or conveyance of any estate or interest in lands, it shall be the duty of courts of justice to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument and is consistent with the rules of law.’ ” (Miner v. Brown, supra, p. 313.)
The deed which is the subject of the controversy herein was evidently prepared by and was acknowledged before an attorney, now deceased. The deed form bore the attorney’s printed name and address. A grant either by tenancy by the entirety or joint tenancy has one attribute in common, survivorship. The nice *918 ties of the distinction, between tenancy by the entirety and joint tenancy are understandably unknown to the layman and in this instance were apparently unknown to the attorney. One thing is certain. The grantor and his attorney intended to eliminate the creation of a tenancy in common as no other interpretation can be placed upon the use of the language: “ It is the purpose of this conveyance to be tenants by the entirety and not tenants in common.” (Overheiser v. Lackey, 207 N. Y. 229.)
The method by which the Court of Appeals arrived at the intent of the parties in the case of Overheiser v. Lackey (supra) and by the Trial Term in the case of Dewey v. Brown (133 Misc. 69) may well be used as a yardstick in determining the basic desire of the grantor in this conveyance as to the kind of estate he wished the deed to convey. At the time of the execution of the deed, Fred L. Cook and Bertha Simons were unmarried but had occupied the premises together for some period of years. During this time Fred L. Cook was married to Lavica Cook but they had been separated for a considerable length of time and continued to be separated up to his death on August 13, 1947. After the death of Fred L. Cook, Bertha Simons occupied the premises until her death, December 12, 1956. She left a will dated July 19, 1948 which was admitted to probate May 20, 1957 leaving all of her property, real and personal, to Ambrose Clearo, plaintiff herein. Ambrose Clearo contends that by the terms of the deed from Fred L. Cook to Fred L. Cook and Bertha Simons, a joint tenancy was intended and created with right of survivorship and upon the death of Fred L. Cook the fee of the property became vested in Bertha Simons and that upon her death, by the terms of her will, the fee became vested in plaintiff.
In considering the whole instrument, the parties and the circumstances surrounding their relationship, it seems clear to the court that Fred L. Cook and Bertha Simons desired and intended to take the title to this property so that in the event of the death of one, the other would succeed to the ownership of the whole. The grantor and his attorney were undoubtedly unaware of the distinction between the two estates, tenancy by the entirety and a joint tenancy. It seems clear that their purpose was not to create a tenancy in common. It, therefore, appears that the court can come to no other conclusion than that the intent of the grantor can be spelled out clearly from all the circumstances and that the grantees should be held to have taken as joint tenants.
*919 Upon comparing and distinguishing the facts in the cases of Schwab v. Schwab (280 App. Div. 139); Petchanuk v. Mohlsick (123 N. Y. S. 2d 382) and Bambauer v. Schleider (176 App. Div. 562), I believe that the conclusions reached therein are more in consonance with than in contravention of the view herein expressed.
The motion made by the defendant for judgment on the pleadings in favor of the defendant is denied, without costs and the motion for summary judgment by the plaintiff is granted, without costs.
Order accordingly.