BERTHA CRAWLEY, as Administratrix of the Estate of HELEN CUNNINGHAM, Deceased, Appellant, v. THOMAS SHELBY, Respondent.— Appeal from a judgment of the Supreme Court in favor of defendant, entered December 18, 1970 in Ulster County, upon a decision of the Court at a Trial Term, without a jury. Appellant's brief concedes that the action was instituted for the partition of certain real property and for an accounting of the rents and profits thereof, that respondent and appellant's intestate lived together for many years in the Village of Ellenville, Ulster County, that on August 5, 1946 there was executed a certain deed thereafter recorded wherein certain lands in said village were conveyed to "Thomas Shelby and Helen Shelby, his wife", that the habendum clause therein reads "TO HAVE AND TO HOLD the premises herein granted unto the parties of the second part, their heirs and assigns forever, as tenants by the entirety" and that in 1952 appellant's intestate passed away. The scanty record as submitted contains no proof of a legal marriage. A conveyance to grantees described as husband and wife who are not, in fact, lawfully married to each other at the time of conveyance creates either a tenancy in common or a joint tenancy (see EPTL 6-2.2; Practice Commentary by Glasser, McKinney's Cons. Laws of N. Y., Book 17B, pp. 18–19; 1 Rasch, New York Real Property Law and Practice, §§ 589, 621). The finding of a joint tenancy in such circumstances has been confined to situations where there is express language of survivorship in the granting of habendum clauses of the conveyance or specific language negating an intent to create a tenacy in common (*Place* v. *Cundaro*, 34 A D 2d 698), no specific words being required to rebut the presumption of a tenancy in common set up by EPTL 6-2.2 (subd. [a]) and it being enough that a contrary intent be so expressed in the instrument (EPTL 6-2.2; *Overheiser* v. *Lackey*, 207 N. Y. 229, 233; *Purdy* v. *Hayt*, 92 N. Y. 446, 453; *Schwab* v. *Schwab*, 280 App. Div. 139). The intention to create a tenancy other than a tenancy in common

must be given effect, if such intention can be gathered from the whole instrument and if consistent with the rules of law (Real Property Law, § 240, subd. 3; *Miner* v. *Brown,* 133 N. Y. 308, 312–313). The employment of the words " as tenants by the entirety " in the habendum clause, rather than following the naming of the grantees, shows with certainty an intention to avoid the creation of a tenancy in common, no other interpretation on the use of said language being permissible, and established instead a joint tenancy (cf. *Gaza* v. *Gaza,* 247 App. Div. 837, affd. 272 N. Y. 617; *Clearo* v. *Cook,* 11 Misc 2d 916; *Giudici* v. *Lofaso,* 199 Misc. 401; *Dewey* v. *Brown,* 133 Misc. 69). This is particularly so since the naming of the grantees was accomplished in a manner to indicate they were husband and wife. Had the purpose been merely to designate them by marital status without survivorship, there would have been no reason to add the words to the habendum clause. Judgment affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.