237 N.J. Super. 495 (1989)
568 A.2d 146
JOHN ASANTE, PLAINTIFF
v.
ELIZABETH ABBAN, DEFENDANT.
Superior Court of New Jersey, Law Division Bergen County.
Decided July 26, 1989.
*496 Samuel Lachs for plaintiff.
John F. Whitteaker for defendant (Orbe, Nugent, Collins, & Darcy, attorneys).
TROAST, J.S.C.
This case arises out of a dispute concerning the disposition of property jointly acquired by an engaged couple who never married. Plaintiff, John Asante, had been engaged to Benedicta Musey. Plaintiff and Benedicta Musey met in Accra, Ghana where they became engaged in November 1983. That engagement was broken off in the spring of 1984.
Some time after breaking off his engagement to Benedicta Musey, John became engaged to defendant, Elizabeth Abban, whom he had known since 1980. They became engaged in July 1985, and at a formal engagement party on July 20, 1985 the parties announced that they planned on a December 1985 wedding.
On May 13, 1985, John and Elizabeth signed a contract to purchase a home in Ridgewood, New Jersey for $172,000. John needed a home for his daughter by a previous marriage and he wanted her to attend school in Ridgewood.
Elizabeth contributed $6,000 towards the purchase of the property, however, she did not view it as a "business investment" nor would she have contributed the $6,000 except for the *497 parties' marriage plans. Elizabeth planned to reside in the house with John after they married. Although the parties were not yet married, Elizabeth believed she and John acquired ownership together as husband and wife.
The closing on the Ridgewood property took place on August 8, 1985, at which time John had Elizabeth's name set forth in the deed as a grantee, as a gesture of his love for her and in anticipation of their impending marriage. The balance of the funds required for closing, $43,000, was contributed by John. Both John and Elizabeth signed a note and gave a $129,000 mortgage for the balance of the purchase price. This court specifically finds the parties both intended to marry when they closed on August 8, 1985 and that they acted in good faith when they purchased the Ridgewood property believing they would soon marry and live there as husband and wife.
Some time after the August 8, 1985 closing, John and his daughter by a previous marriage moved into the Ridgewood residence. In September 1985, the engagement between John and Elizabeth was broken off. Benedicta Musey had returned to the United States in September 1985 and John realized that he should resume a relationship with his prior fiancee, Benedicta. The court finds no fraud on John's part.
Defendant Elizabeth neither took possession nor requested possession of the property and the court finds that under the facts and circumstances of the case there was no ouster. Cf. Reitmeier v. Kalinoski, 631 F. Supp. 565, 579-581 (D.N.J. 1986). In October 1985, John repaid $6,000 to Elizabeth by a check which referred to a "refund." Elizabeth never occupied the premises nor has she ever contributed any monies toward its mortgage, maintenance costs or repairs. Benedicta moved into the Ridgewood premises and married John in 1987. Elizabeth also married another in 1987.
In this action defendant, Elizabeth Abban, sought partition, a sale of the property and her share of the proceeds of a partition sale. Defendant moved for partial summary judgment on her *498 partition claim before the Chancery Division. At that time John was willing to refinance the Ridgewood property where he presently resides with his family and agreed to relieve Elizabeth of liability on the note and mortgage. The Chancery Division denied Elizabeth's motion concluding in a letter opinion dated April 25, 1989 that:
While generally a tenant in common has an absolute right to partition, the particular manner in which it is effected is left to the sound discretion of the court. Newman v. Chase, 70 N.J., 254, 263 (1976). A conveyance of (defendant's) interest to plaintiff on condition that he refinances and satisfies the note and mortgage with the parties resolving their monetary claims against each other later is a more equitable solution than a partition sale.
Plaintiff may own the entire title (subject to relieving defendant of liability on the note and mortgage) anyway, since his contribution on her behalf may be determined to have been a gift conditioned on marriage and which must be returned to him. Aronow v. Silver, 223 N.J. Super. 344 (Ch.Div. 1987).
Plaintiff's motion to compel a partition sale now is denied without prejudice....
The parties should be prepared to enter into a consent Order on the upcoming trial date disposing of all issues except claims for money damages  which can then be transferred to the Law Division if not also settled.
Thereafter defendant's interest in the property was conveyed to plaintiff and defendant was relieved of liability on the note and mortgage. However, the parties were unable to settle Elizabeth's claim for "money damages," and this court is called upon to decide whether plaintiff is obligated to make payment to defendant under the facts and circumstances presented and if so, the amount of such payment.
The general rule of law is that where a deed names two grantees and is silent as to the percentage of individual ownership there is a rebuttable presumption that the grantees take title as tenants in common and share ownership equally. Moglia v. Moglia, 73 N.J. Eq. 445 (Ch. 1907); N.J.S.A. 46:3-17. On the other hand, in Aronow v. Silver, 223 N.J. Super. 344 (Ch. Div. 1987), where the parties took title as tenants in common intending to marry and the engagement was broken off, the court held the property equitably belonged to plaintiff provided he had defendant's obligation on the mortgage removed.
*499 The court in Aronow found the "engagement was a stormy one." Id. at 346. The couple purchased a condominium which they intended to be their future home. Plaintiff, Philip Aronow, moved into the condominium the day before the engagement was broken off and continued living there while defendant, Elizabeth Silver, never occupied the premises or made contributions to the purchase price. The court found that the arrangement was conditioned on marriage and that nothing suggested the purchase amounted to a joint investment for other than marriage purposes. It was held in Aronow that the condominium "must be treated in the same manner as the engagement ring: as a conditional gift to the extent that one co-tenant contributed more toward the purchase price than the other." Id. at 350.
The court finds Aronow similar to the case at hand, although factually distinguishable, since in Aronow, defendant Silver did not contribute money toward the purchase.
The court finds two cases relied upon by defendant are distinguishable. The first is Reitmeier v. Kalinoski, 631 F. Supp. 565 (D.N.J. 1986), a nonbinding federal case. The Reitmeier case follows the rule that there is a rebuttable presumption that a deed to several people that does not recite their respective portions in the property is intended as a division among them equally. The court cited earlier cases standing for the proposition that parol evidence as to respective shares is allowable to prove the intent of the parties and that such intent of the parties is controlling. Id. at 572.
Reitmeier involved an engaged couple who entered an agreement which set forth their intent as to their respective shares in the marital property. The court held the agreement, which set forth the parties's respective percentages of ownership in the property, was void for lack of consideration since the agreement anticipated a marriage which never took place. Id. at 569. However, the court then found that although the agreement was void it set forth the intent of the parties. Based on the *500 intent of the parties, evidenced by the void agreement, the court permitted plaintiff to retain the property but required plaintiff to pay defendant an appropriate amount in the compensation for her share in the property. The parties' shares were based upon their agreement with an offset for defendant's share of necessary expenses paid by plaintiff. The Reitmeier case is distinguishable from the case before this court today since Reitmeier is based on intent as evidenced by an express agreement.
The second case which the court finds distinguishable is Baker v. Drabik, 224 N.J. Super. 603 (App.Div. 1988). Baker involved two engaged parties, Sharon Baker and Frederick Drabik, who were to be married at an unspecified future date. In 1977, the couple purchased a home together in both names. Baker contributed approximately $4,000 to the down payment and Drabik contributed approximately $2,400. The balance of the purchase price included a $51,000 mortgage. Additionally, $6,600 was paid at closing to which both Baker and Drabik contributed. Both parties signed the mortgage and mortgage note. The couple then lived together in the house until December 1979 when Sharon Baker moved out. During the two-year period the couple lived together, Drabik paid the mortgage and occasionally the utility bills. Baker paid the household expenses and some utility bills. In June 1982, the couple reconciled and Baker moved back into the house. Baker continued to make the payments she had previously made. The reconciliation terminated in September 1983 when Baker moved out again.
Baker, thus, involved a situation where the parties lived together and, to some extent, shared the expenses of a home for approximately three and one-half years. Drabik testified that the house was supposed to be a joint venture with everything "split down the middle." Id. at 607. Drabik agreed that most of Baker's salary went into household expenses and that overall, he was satisfied with her contributions. The trial judge found "a joint venture" was involved.
*501 In Baker v. Drabik the Appellate Division held that, in order to retain possession and acquire sole ownership, Drabik was required to pay Baker 50% of the appraised value of the property less one-half of the principal reductions on the mortgage paid by Drabik and one-half of the value of any extraordinary repairs or capital improvements. The court finds the Baker case distinguishable from the instant case since Baker involved a "joint venture" as described by the court in that case.
Returning to this case, the court finds that it was the intention of the parties, John Asante and Elizabeth Abban, to take title prior to their marriage as tenants in common and share ownership in proportion to their financial contributions pending their marriage. Cf. Shroser v. Isaacs, 28 N.J. Eq. 320 (Ch. 1887). The court finds that the parties intended defendant would have equal ownership upon the parties marriage, however, this gift by John of equal ownership was conditioned upon marriage. Thus, as in Aronow, this is a case where the gift of equal ownership was conditioned upon marriage. The court in Aronow stated that:
Nothing suggests the purchase amounted to a joint investment for other than marriage purposes. The condominium must be treated in the same manner as the engagement ring: As a conditional gift to the extent that one co-tenant contributed more toward the purchase price than the other. [223 N.J. Super. at 350].
This case involves an engaged couple who contributed unequal amounts to the purchase price of property and broke off their engagement before marriage. Baker on the other hand involved a couple who lived together approximately three and one-half years and were found to be involved in a joint venture. Baker, which was decided approximately five months after Aronow, refers to Aronow for comparison. The fact pattern in this case is more similar to that involved in Aronow, notwithstanding the fact that here both parties contributed to the purchase price. As in Aronow, nothing in this case suggests the purchase amounted to a joint investment for other than *502 marriage purposes and the court concludes that the property here should also be treated as a conditional gift to the extent plaintiff, John Asante, contributed more toward the purchase price than defendant, Elizabeth Abban.
The court finds that under the facts and circumstances of this case, Elizabeth Abban, has a share in ownership in proportion to her financial contribution toward the purchase price. Thus, the court concludes John Asante is an 87.5% owner and Elizabeth Abban a 12.5% owner of the property. Accordingly, Elizabeth is entitled to receive 12.5% of the appraised value of the property, less 12.5% of the principal reductions on the mortgage and less the cost of capital improvements. The court finds John Asante's use and occupancy offset the balance of the mortgage payments, real estate taxes and insurance payments made by him and, therefore, he is not entitled to any credit for those amounts.
Based upon the appraisal, $230,000, and deducting the mortgage, $123,000, the court determines defendant is entitled to recover 12.5% of $107,000 subject to certain credits. In other words, defendant's proportionate share of the property is $13,375 subject to the following credits. The $13,375 is reduced by 12.5% of the mortgage principal payments and 12.5% of the cost of the capital improvement. These credits are as follows: 12.5% of the $5,600, or $700, for the mortgage and 12.5% of $5,440, or $680, for the capital improvement. Lastly, this figure of $11,995 is reduced by the $6,000 "refund" payment made by plaintiff to defendant. Accordingly, defendant is entitled to payment in the amount of $5,995. Submit order.