**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3193-20

STANISLAW SMIALEK,

    Plaintiff-Appellant,

v.

IRENE GORGON and
ZBIGNIEW GORGON,

    Defendants-Respondents.

_____

        Argued June 9, 2022 – Decided June 29, 2022

        Before Judges Hoffman, Whipple, and Geiger.

        On appeal from the Superior Court of New Jersey,
        Chancery Division, Hudson County, Docket No.
        C-000158-19.

        Robert E. Margulies argued the cause for appellant
        (Schumann Hanlon Margulies, LLC, attorneys; Jeff
        Thakker, of counsel; Donald D. Campbell, on the
        briefs).

        Michael C. Schonberger argued the cause for
        respondents.

PER CURIAM

This appeal stems from a partition action filed by plaintiff Stanislaw Smialek against defendants Irene Gorgon and Zbigniew Gorgon in September 2019. In his complaint, plaintiff sought "a fair partition" of the multi-unit building located at 344 Seventh Street in Jersey City (the property); in the alternative, plaintiff sought the sale of the property, "if a fair partition" cannot be made.

In December 2020, defendants filed a motion for summary judgment, seeking a declaration that the parties each own an equal one-third interest in the property. On April 1, 2021, the court granted defendants' motion, finding that the parties took title as tenants in common and that each party owns "an equal [one-third] ownership share" of the property. After carefully reviewing the factual record and applicable legal principles, we affirm.

I.

We briefly set forth the relevant facts. In 1981, plaintiff immigrated to the United States from Poland and subsequently moved to the property, a building consisting of five separate apartment units. In 1984, plaintiff's mother, Irene Smialek, also left Poland and moved in with plaintiff. Roughly two years later, in 1986, defendant Irene Gorgon, plaintiff's sister, and defendant Zbigniew (Ziggy) Gorgon, defendant Irene's son and plaintiff's nephew, emigrated from

2

Poland and moved into plaintiff's apartment. Defendant Ziggy, now forty-eight years old, suffers from health issues and has lived with his mother his entire life. Ziggy receives monthly disability benefits and has not worked since 2012.

Throughout the 1980s and 1990s, Edward Boguezewski owned the property at 344 Seventh Street. Prior to his death in 1998, Boguezewski lived in a separate apartment in the same building as the parties, and maintained a friendship with plaintiff and defendants, as they all belonged to the same Polish church. Boguezewski expressed that he wanted to leave plaintiff the building. Following Boguezewski's passing, the administratrix of his estate, Elizabeth Monaco, offered to sell the property to plaintiff. Monaco originally asked for $120,000, but plaintiff negotiated the price down to $100,000.

In 1999, Monaco entered into a written agreement with plaintiff and defendants to purchase the property for $100,000. Irwin Rosen, Esq. represented both plaintiff and defendants in the transaction. The parties met in Rosen's office in January 1999. Even though the cover page for the contract listed plaintiff as the sole buyer, plaintiff and each defendant signed the contract as buyers. Later that month, plaintiff and defendants met with Rosen to sign a contract review letter. The contract review letter stated that "the purchasers of the subject premises shall be Stanislaw Smialek, divorced and unremarried,

Irene Gorgon, divorced and unremarried[,] and Zbigniew Gorgon, single, all residing at 344 7th Street, Jersey City." The letter also provided that the mortgage contingency was reduced from $80,000 to $50,000. Plaintiff and each defendant signed this letter.

To finance the purchase, plaintiff secured a $50,000 loan from the Trust Company of New Jersey. On May 12, 1999, plaintiff, defendants, and the seller proceeded to settlement at Rosen's Jersey City office and signed the closing statement. That same day, plaintiff and defendants received the deed for the property, which included the following grantee clause: "Stanislaw Smialek, divorced and unremarried, Irene Gorgon, divorced and unremarried and Zbigniew Gorgon, single." In addition, plaintiff and each defendant signed the mortgage as "mortgagors" and the mortgage note as "borrowers." Moreover, plaintiff and each defendant executed an "Affidavit of Title," which was notarized Mr. Rosen, and provided, "We are the only owners of Property located at 344 SEVENTH STREET, JERSEY CITY, NEW JERSEY . . . ." Thereafter, on July 30, 2012, Irene Smialek, the mother of plaintiff and defendant Irene Gorgon, passed away. A July 7, 2020, appraisal of the property estimated its current value at $1,900,000.

4

Notably, plaintiff's ability to speak, read, and write the English language was and still is limited. At his deposition, plaintiff stated that he had no concept of private land ownership due to his upbringing in communist Poland. Plaintiff explained that he wanted family members on the deed so that, in the event something happened to him, the property would remain available for his family. Plaintiff alone paid the contract deposit and provided all the cash at closing. In addition, from 1999 onwards, plaintiff made all mortgage payments, and paid all maintenance and repair expenses; however, he also received the rental income paid by the tenants.

In September 2019, plaintiff filed a verified complaint seeking partition in the Chancery Division, Hudson County. In December 2020, defendants filed a motion for partial summary judgment seeking a declaration that the parties were tenants in common each with an equal one-third interest in the property.

On April 1, 2020, the trial court granted defendants' motion for partial summary judgment and ordered that the parties each own an equal one-third interest in the property. The judge found that, despite plaintiff's significant contributions to the property, plaintiff could not rebut the presumption that grantees named on a deed are presumed to be equal owners where the deed is silent as to the percentage of individual ownership. The judge also ordered that

5

any issues of final accounting and contribution shall have no effect on the ownership percentage established by the court's order.

Plaintiff filed a motion for reconsideration, which the court denied. This appeal followed, with plaintiff arguing that the motion court erroneously granted summary judgement in favor of defendants because "material issues of fact" exist "as to whether the defendants were ever intended to be true equitable owners of 344 Seventh Street."

II.

Summary judgment is appropriate if there is no genuine issue as to any material fact in the record and the moving party is entitled to judgment as a matter of law. R. 4:46-2(c). In deciding a summary judgment motion, the trial court must apply the standard articulated by the Supreme Court in Brill v. Guardian Life Ins. Co., 142 N.J. 520 (1995):

> [A] determination whether there exists a "genuine issue" of material fact that precludes summary judgment requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [Id. at 540.]

A-3193-20

In reviewing a ruling on a summary judgment motion, we apply the same standard as that governing the trial court. Antheunisse v. Tiffany & Co., 229 N.J. Super. 399, 402 (App. Div. 1988).

"[T]he general rule of law is that where a deed names two grantees and is silent as to the percentage of individual ownership there is a rebuttable presumption that the grantees take title as tenants in common and share ownership equally." Asante v. Abban, 237 N.J. Super. 495, 498 (Law Div. 1989) (citing Moglia v. Moglia, 73 N.J. Eq. 445 (Ch. 1907) and N.J.S.A. 46:3–17). However, that presumption can be rebutted by evidence that the cotenants intended something other than equal ownership. Moglia, 73 N.J. Eq. at 446-47.

Here, the deed of conveyance names all three parties without indicating any form of ownership percentage. Therefore, it is presumed that the parties took title as tenants in common with equal ownership. It is incumbent upon plaintiff to rebut this presumption.

Plaintiff argues that he rebutted the presumption by presenting evidence that he alone paid the down-payment, he alone repaid the $50,000 loan, and that he alone rented out the apartments. He asserts that these facts prove that the parties intended plaintiff to be the sole owner of the property. We disagree. Although the facts cited by plaintiff are undisputed, they nevertheless fail to

establish, at the time of the deed's delivery and acceptance in 1999, that the parties intended something other than equal ownership. Plaintiff's subsequent actions, such as paying the loan and mortgage payments and renting out apartment units, do not establish intent at the time of the deed's acceptance.

Furthermore, contrary to plaintiff's position, the factual circumstances in the relevant caselaw, such as Asante, Moglia, and Moses v. Moses, 140 N.J. Eq. 575 (1947), are not analogous to the matter under review. In Asante, the relevant intent was abundantly clear, as the parties were engaged to be married but ultimately broke off the engagement. See 237 N.J. Super. at 496. There was no doubt that the parties only purchased the property in contemplation of their upcoming marriage; absent the marriage, the court found that equal ownership was not intended. Id. at 501.

In Moglia, the four family members were in a partnership where each paid an equal amount for the property and shared equally in profits derived from the property's use. 73 N.J. Eq. at 447. Again, it was abundantly clear under those circumstances that, despite the deed's language, the family partnership was intended for each member to possess an equal, one-fourth share in the property. See ibid. Moreover, in Moses, 140 N.J. Eq. at 577, the court found "clear and convincing evidence" showed that the husband did not intend to convey the

property to his wife indefinitely, but rather that the conveyance was meant to enhance the husband's borrowing capacity.

Plaintiff first asserted that defendants were added to the deed for purposes of mortgage approval. However, on appeal, plaintiff now contends that defendants were added to the deed strictly for purposes of keeping the property in the family in the event something happened to plaintiff. Plaintiff maintains he was unfamiliar with the concept of private ownership, having lived in a communist country for most of his life, and therefore he did not understand the effect of the deed. Thus, he argues that this presents a subjective question concerning the parties' state of mind as to their intentions regarding ownership of the property at the time of its sale. We disagree.

> A subjective question "seek[s] to probe the applicant's state of mind." Generally, when the "subjective elements of willfulness, intent or good faith of the moving party are material to the claim or defense of the opposing party, a conclusion from papers alone that palpably there exists no genuine issue of material fact will ordinarily be very difficult to sustain." Despite that admonition, we have approved our Appellate Division's conclusion that subjective intent may not be controlling when the undisputed facts reveal otherwise.
>
> [Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436,446-47 (2007) (first quoting Ledly v. William Penn Life Ins. Co., 138 N.J. 627, 636 (1995); and then quoting Judson v. Peoples Bank & Tr. Co., 17 N.J. 67, 76 (1954)).]

9

Here, notwithstanding plaintiff's contention that his subjective intent should control, the undisputed facts establish that plaintiff and defendants were added to the deed as equal owners. As noted, plaintiff's actions after the fact, such as paying the loan and mortgage payments, as well as renting out the property, do not establish intent at the time of the deed's acceptance.

Indeed, the record is clear that plaintiff played the dominant role in the purchase of the property and overwhelmingly contributed to its maintenance and operation. As such, plaintiff will not be left without a remedy; in a final accounting upon the sale or partition of the property, plaintiff will likely receive a majority share of any proceeds. However, these facts are not relevant to issues of ownership. See Dorf v. Tuscarora Pipe Line Co., 48 N.J. Super. 26, 36 (App. Div. 1957) ("[N]o affirmative action requiring contribution for taxes, mortgage interest and other carrying charges, or for the recovery of a proportionate share of the cost of necessary repairs, can be maintained by one co-tenant . . . except in an accounting between co-tenants or . . . on partition.").

In conclusion, we find that plaintiff failed to present competent evidence to rebut the presumption that grantees named on a deed hold title as tenants in common with equal ownership interests, absent language in the deed specifying otherwise. Thus, we affirm.

A-3193-20

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11