**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2229-20

ESTATE OF JESUS DEL HAYA,

      Plaintiff-Respondent/
      Cross-Appellant,

v.

TEBELIO VALDES, and
LIBRADA C. VALDES,

      Defendants-Appellants/
      Cross-Respondents,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., and LOANCARE, LLC,

      Defendants.

_____

Argued May 3, 2022 – Decided June 29, 2022

Before Judges Fisher, Smith and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. C-000007-19.

Stilianos M. Cambilis argued the cause for appellants/cross-respondents (The Law Office of Rajeh A. Saadeh, LLC, attorneys; Rajeh A. Saadeh and Stilianos M. Cambilis, on the briefs).

Christopher M. Kelly argued the cause for respondent/cross-appellant (Nemergut & Duff, attorneys; Christopher M. Kelly, of counsel and on the briefs; Jeffrey Zajac, on the briefs).

PER CURIAM

In these cross-appeals, we consider defendants' claim that the trial court erred in failing to determine fair market value of the property prior to ordering its listing for sale in this partition action. We also consider plaintiff's claims, alleging the court erred in granting the estate one-third instead of one-half interest in the property and in denying the estate's application for counsel fees.

Based upon our review of the record and applicable law, we are satisfied there is sufficient evidence in the record to support the judgment ordering partition by one-third to each party and the subsequent post-trial order ordering the property be listed for sale. Accordingly, we affirm for the reasons set forth by Judge Robert Mega in his thorough oral opinions rendered on January 5, 2021, and March 19, 2021, respectively. We add the following comments.

This case arises from a dispute amongst three owners of property located in Elizabeth. On October 5, 2015, Jesus A. Del Haya and defendants, Tebelio

Valdes, and Librada C. Valdes, who are married to each other, purchased a two-family house utilizing a $300,294 mortgage from Mortgage Electronic Registration Systems, Inc. All three parties were named as borrowers on the mortgage, which was later refinanced.

On September 9, 2017, Del Haya died, leaving his interest in the property to his estate. Plaintiff, the Estate of Jesus Del Haya, filed a complaint for partition by sale of the property in 2019. Defendants did not file an answer, and default judgment was entered against them. Their motion to vacate default judgment was granted on March 13, 2020. They then filed an answer and counterclaim, claiming the estate had no interest in the property and seeking to collect alleged debts (credits) from the estate. The estate amended its complaint for partition of the property on May 7, 2020. Although defendants failed to file an answer to the amended complaint, the parties stipulated at trial the court should treat them as having made a general denial of the amended complaint consistent with their original answer as well as address their counterclaim.

During the two-day trial, the court heard testimony from Librada Valdes, Yunaisy Valdes (the Valdes' daughter), and the appointed administrator of the estate. There was no expert testimony or other evidence presented regarding the fair market value of the property.

A-2229-20

The judgment after trial granted partition and awarded one-third of the property to each party -- the estate, Tebelio Valdes, and Librada Valdes -- as tenants in common. The court rejected the estate's claim that defendants held a single fifty percent share as tenants by the entirety, making the following specific factual findings:

> The deed lists the grantees of the subject property as . . . Tebelio Valdes, Librada C. Valdes and Jesus Del Haya . . . . At the time of the purchase of the property defendants Tebelio Valdes and Librada Valdes were married to each other, but not listed on the deed as husband and wife, nor as tenants by the entirety. . . . [O]n October 5, 2015 defendants Tebelio Valdes and Librada Valdes as well as Jesus Del Haya executed a mortgage in the amount of $309,294 for the purposes of financing the balance of the purchase of the property. The mortgagor borrowers . . . are listed as Tebelio Valdes, Librada Valdes and Jesus Del Haya as tenants in common. . . . [O]n May 25, 2017 Jesus Del Haya and defendant[s] Tebelio Valdes and Librada Valdes refinanced the mortgage with . . . a loan in the amount of $371,387. . . . The borrowers under this mortgage refinance were listed as Tebelio Valdes, Librada Valdes and Jesus Del Haya as joint tenants. . . . [T]here was nothing added to any documentation indicating any right of survivorship, or husband and wife tenancy being created in the deed. That deed remains unchanged since its inception.

"[P]laintiff and defendants have provided the [c]ourt with undisputed evidence that Jesus Del Haya was named on the October 5, 2015 deed as a

4

grantee. . . . In viewing this from the totality of the circumstances it is clear . . . that a tenancy in common was created under N.J.S.A. 46:3-17."

Judge Mega further ruled the estate had provided the court with sufficient evidence demonstrating partition of the property was necessary, and thus directed the sale of the property to promote the interest of all parties. Additionally, the court rejected both parties' claims for attorney fees and several other claims related to credits allegedly owed to defendants by the estate.[1]

After ruling, the parties asked the court about the details and logistics of the sale. The court stated, "defendants should be given the right of first refusal if they wish to purchase the property. . . . Realistically defendants should obtain a mortgage withing a 30-day period if they wish to buy it and close on the property within a 45-day period." The court also noted "within that 30 day[] period . . . [the parties] need to get some type of fair market value appraisal." The court suggested the parties either agree to obtain a joint appraisal to determine value, or if they could not agree or did not want to pay for an appraisal, then a realtor could list the property and defendants could exercise a

---

[1] Although the claim for credits is raised in the notice of appeal, it was not briefed by defendants or addressed at oral argument. These claims are considered waived on appeal.

A-2229-20

right of first refusal. He stated if defendants failed to present a mortgage commitment within the time period, the property would be listed for sale.

The defendants did not produce a mortgage commitment within thirty days. On March 1, 2021, the estate filed an enforcement motion to compel the listing of the property. Defendants opposed the motion but again did not raise the issue of valuation. Instead, defendants claimed they had obtained a mortgage commitment. However, oral argument on the enforcement motion revealed the loan amount in the mortgage commitment was barely sufficient to pay off the existing mortgage, leaving no money left over to buy out the estate's interest. Moreover, the mortgage commitment was replete with contingencies. Following oral argument, the court rendered an oral decision, explaining:

> [I]n the present matter the [c]ourt finds that plaintiff's motion to enforce the judgment of partition that's been entered on the record should be granted. So, we need to bring this matter to a swift conclusion. . . . I'm going to enter an order that the defendants formally enter a contract for a set price [and] . . . purchase out the plaintiff's interest by next Friday . . . . But if the contract is not executed by Friday March the 26th on Saturday March the 27th the property may be listed with a realtor of [the estate's] choice for five percent commission. And the purchase price to be accepted on that contract should be within five percent of the listing price . . . at a minimum.

A-2229-20

The court further made clear it would not be placing a value on the property because the issue had not been litigated. When defendants asked how they would know what the property was worth, the court again suggested several ways the parties could determine value, including having a local realtor provide a market analysis.

Defendants appealed, arguing the court erred in failing to include a valuation or ordering a method to determine the value of the partitioned property, thereby negating their ability to effectuate a buyout. They also argue the trial court erred in granting a realtor discretion to determine the value of the property. The estate argues the issue of valuation raised by the defendants was not raised below and is irrelevant to the judgment of partition, the proposed mortgage commitment did not support a buyout, and defendants have now waived any alleged right to a buyout. They also claim the trial court erred in failing to award it attorney's fees.

We afford a deferential standard of review to the factual findings of the trial court on appeal from a bench trial. Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). These findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests

of justice. . . ." Id. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). Our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Additionally, "the decision to award or deny attorney's fees rests within the sound discretion of the trial court." Desai v. Bd. of Adjustment of Town of Phillipsburg, 360 N.J. Super. 586, 598 (App. Div. 2003) (citation omitted). Judges have broad discretion in determining under what circumstances attorneys' fees should be awarded, and such decisions are reviewed under the abuse of discretion standard. Ibid. (citations omitted).

Defendants' claim that the court erred in failing to order a valuation of the property to determine fair market value prior to ordering its sale lacks merit in fact and law. Plaintiff's complaint sought partition of the property and did not seek valuation. Defendants' answer and counterclaim also did not seek valuation of the property. Neither party submitted any testimony or documentary evidence regarding the fair market value of the property. Defendants presented no evidence to the court demonstrating they were entitled to a buyout or a right of first refusal if the property were listed for sale. Despite this, after ruling on the

partition issue, Judge Mega, in his equitable role as Chancery Judge, noted defendants were interested in remaining in the property and buying out the estate's one-third interest.  Because plaintiff was amenable to the suggestion, and all parties would save realtor's fees in a buyout transaction, he awarded defendants a limited period of time to negotiate a buyout of the property.[2]  When asked how the value of the property could be determined, Judge Mega gave the parties suggestions as to how they could determine fair market value.  Thereafter, defendants took no action to determine the fair market value.  Instead, they presented plaintiff with a contingent mortgage commitment in an amount that would extinguish the existing mortgage but not pay the estate anything for its one-third interest in the property.  The court found the mortgage commitment lacking and ordered the sale of the property but gave defendants a second opportunity to enter into a sale agreement with the estate.

Before judgment was entered, defendants did not request and did not demonstrate any legal right to a buyout or a right of first refusal.  The court

---

[2]  The doctrine of invited error applies.  It "operates to bar a disappointed litigant from arguing on appeal that an adverse decision below was the product of error, when the party urged the lower court to adopt the proposition now alleged to be error."  N.J. Div. of Youth and Fam. Servs. v. M.C. III, 201 N.J. 328, 340 (2010) (quoting Brett v. Great Am. Recreation, Inc., 144 N.J. 479, 503 (1996)).  After the ruling ordering partition, defendants urged the court to allow it a period of time to negotiate a buyout of the property, which the court granted.

afforded them two opportunities because all parties agreed to negotiate a proposed buyout. Even after defendants failed to meet the mortgage commitment deadline, in ruling on the motion to enforce, the court gave them an additional opportunity to purchase the property. Defendants never made an offer to the estate to buy out its one-third interest after the partition judgment. The estate has been entitled to its interest in the property since decedent died in 2017. Despite being afforded two opportunities to which they were not legally entitled, defendants failed to take appropriate steps to value the property or otherwise effectuate a buyout. They present no legal support for the notion that a trial court, in ruling on a partition action, is required to make a determination as to the fair market value of a property before ordering its sale, instead relying on general equitable principles.

Defendants next argue the court erroneously allowed the realtor to determine the fair market value of the property. Realtors do not determine fair market value; instead they suggest a listing price to sellers based on various market factors. Our courts have routinely held fair market value is the amount for which a willing seller would transfer property to a willing buyer without either being under subject to compulsion or coercion. See Trenton v. Lenzner, 16 N.J. 465, 476 (1954); see also Oscar v. Simeonidis, 352 N.J. Super. 476, 487-

A-2229-20

88 (App. Div. 2002); <u>Estate of Cohen ex rel. Perelman v. Booth Computs.</u>, 421 N.J. Super. 134, 150 (App. Div. 2011).  In the absence of any expert evidence, fair market value is what the market will pay.  A realtor may recommend a listing price, but the actual value of the property is what a buyer is willing to pay for it.  A right of first refusal allows a party to pay the same amount as a willing buyer once an offer to purchase is made.

In its cross-appeal, the estate argues the trial court erred in finding the parties were tenants in common with each owning a one-third interest in the property.  We disagree.  A tenancy in common is the holding of an estate in land by different persons.  <u>See</u> N.J.S.A. 46:3-17.  Where a deed names multiple grantees and is silent as to the percentage of individual ownership, there is a rebuttable presumption the grantees take title as tenants in common and share ownership equally.  <u>See</u> <u>Asante v. Abban</u>, 237 N.J. Super. 495 (Law Div. 1989).

On the other hand, a tenancy by entirety is created when:

> a. A husband and wife together take title to an interest in real property or personal property under a written instrument designating both of their names as husband and wife; or
>
> b. A husband and wife become the lessees of real property or personal property under a written instrument containing an option to purchase designating both of their names as husband and wife; or

c. An owner spouse conveys or transfers an interest in real property or personal property to the non-owner spouse and the owner spouse jointly under written instrument designating both of their names as husband and wife.
Language which states "...... and ......, his wife" or "......... and .........., her husband" shall be deemed to create a tenancy by the entirety.

[N.J.S.A. 46:3-17.2.]

There is sufficient support in the record to justify the trial court's decision that the parties were tenants in common, each entitled to a one-third interest in the property. Specifically, the court found "[a]t the time of the purchase of the property" defendants were "not listed on the deed as husband as wife, nor as tenants by the entirety." Additionally, "[t]he October 5, 2015, executed mortgage listed all three [parties] as tenants in common, . . . [a]nd the May 25, 2017 . . . mortgage listed all three as grantees joint tenants." The court recognized "mortgages do not control the title, the deed does[.]" Still, it determined the deed was silent on ownership structure, and there was "no indication other than what [was] contained in [the] mortgages," that any interest other "tha[n] a tenancy in common existed between the parties . . . ." The court further relied on the credibility of the witnesses in determining the parties' intentions, finding pursuant to "the totality of circumstances" it was "clear to [the court] that a tenancy in common was created under N.J.S.A. 46:3-17."

12

As to attorney's fees, the court found counsel fees were not reasonable in this matter. "Because there was a viable dispute between all parties under New Jersey partition law" regarding a case that "was primarily over percentages of ownership, . . ." he denied fees and costs to all parties. We do not find the trial court abused its discretion in failing to award the estate attorney's fees in this case involving a genuine disagreement as to whether the parties were tenants in common.

All of the court's findings are supported by adequate, credible evidence in the record. We affirm the judgment on partition and the court's subsequent order regarding plaintiff's motion to enforce litigant's rights.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13